UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALFONSO PERCY PEW, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-12-1579
:
C. GARMAN, et al., : (Judge Kosik)
:
    Defendants :

**MEMORANDUM**

**I.**    **Background**

Alfonso Percy Pew is an inmate currently confined in the Secured Special Needs Unit at the State Correctional Institution at Frackville, Pennsylvania. He filed this civil rights action pursuant to 42 U.S.C. § 1983 naming twelve (12) SCI-Frackville employees as defendants. He alleged that Defendants were directly involved in his placement in a torture chair for eight (8) hours, and thereafter in a torture cell for seven (7) days. (Doc. 1, Compl. at 2.) He did not allege when this incident occurred or what type of injuries he may have sustained. He claimed that Defendants' actions were the result of a DC-709 order issued in retaliation for complaints he had voiced about racism at the prison. It also appeared from the complaint that following the incident, he pursued the matter through the prison

grievance system. He sought compensatory relief, as well as an order directing that the prison no longer be permitted to issue DC-709 orders allowing the use of the torture chair and cell against inmates. Along with his complaint, he submitted a motion to proceed in forma pauperis (Doc. 4) and an executed Authorization form (Doc. 5). On August 22, 2012, the Clerk of Court issued an Administrative Order directing that the filing fee be withdrawn from Pew's inmate account. (Doc. 6.) In a Memorandum and Order issued by this Court on August 23, 2012, the Clerk of Court was directed to vacate the Administrative Order, and return any funds that may have been withdrawn from Pew's inmate account. In addition, the complaint was dismissed pursuant to 28 U.S.C. § 1915(g) on the basis of the Three Strikes Rule. (Doc. No. 9.) Presently pending is Pew's motion seeking reconsideration of that decision. (Doc. 11.) For the reasons that follow, the motion will be denied.

## II. Discussion

Section 1915(g) prohibits a prisoner from proceeding in forma pauperis in a civil action, or appealing a judgment in a civil action, if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As set forth in the Memorandum and Order of August 23, 2012, Pew falls

2

into this category of inmates. Further, nothing in the complaint suggested that at the time of the filing of the complaint in this action Pew was being subjected to the torture chair. Rather, it clearly appeared that he was seeking damages for having previously been placed in the chair, and sought injunctive relief to prevent the DOC from utilizing the chair at the prison against him or any other inmate in the future.

In moving for reconsideration of this court's dismissal of his lawsuit on the basis of the Three Strikes Rule, Pew appears to admit that he was not under the threat of imminent harm at the time of the filing of the complaint, but rather feels he is entitled to proceed in forma pauperis under the imminent harm exception because a DC-709 order can be issued by prison officials at any time, and that he may at some point be subjected to the use of this chair in the future.

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194,

3

1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant case, Pew fails to demonstrate any of the applicable grounds for reconsideration. He still fails to assert any facts that would establish he was subjected to imminent danger of physical harm at the time of the filing of the complaint. The incident alleged occurred at some time prior to the filing of the complaint, and Pew's fear of a future incident is speculative. For these reasons, the motion for reconsideration will be denied. An appropriate order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALFONSO PERCY PEW, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-12-1579
:
C. GARMAN, et al., : (Judge Kosik)
:
    Defendants :

### ORDER

**NOW, THIS** 15th **DAY OF OCTOBER, 2012,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration (Doc. 11) is **denied**.

                                                            /s/ Edwin M. Kosik
                                                            EDWIN M. KOSIK
                                                            United States District Judge